UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SANDRA BARTHOLOMEW and
STEPHEN BARTHOLOMEW, Plaintiffs

V.                                                          Civil Action, File No. _____
                                                            COMPLAINT
TYLER BUSCH, and THE NATIONAL
RAILROAD PASSENGER CORPORATION      DEMAND FOR JURY TRIAL
 a/k/a AMTRAK, Defendants

## COMPLAINT

The plaintiffs, Sandra and Stephen Bartholomew, complain against the defendants as follows.

## JURISDICTION

1.  This is a claim for money damages against the defendant, The National Railroad Passenger Corporation, also known, and hereinafter referred to, as "Amtrak," 45 U.S.C. §1104.  This Court has jurisdiction by reason of Title 28, United States Code §1331. *Aliota v. National Railroad Passenger Corporation*, 315 F 3d. 756, 758 fn. 1 (7th Cir. 2003).

2.  The plaintiffs are citizens of the State of Virginia.  The defendant, Amtrak, is a citizen of the District of Columbia, 49 U.S.C. §24301.  The defendant, Tyler Busch, is a citizen of the State of Connecticut.  This action is of a civil nature and the matter in controversy exceeds $75,000, and the Court has jurisdiction by reason of Title 28 U.S.C. §1332.

3.      The Court should exercise jurisdiction over the claims against the defendant, Tyler Busch, pursuant to Section 1367 of Title 28 of the United States Code as jurisdiction for claims against Amtrak is conferred upon the Court by 28 U.S.C. §1331. As appears below, the claims against the defendant, Tyler Busch, are so related to the Amtrak claims that they form part of the case or controversy under Article III of the U.S. Constitution.  The claim against the defendant, Tyler Busch, does not raise novel or complex issues of state law.

**PARTIES**

4.      The plaintiff, Sandra Bartholomew, is an individual and a resident of Lynchburg, Virginia.

5.      The plaintiff, Stephen Bartholomew, is an individual and a resident of Lynchburg, Virginia.

6.      Tyler Busch is an individual who resides in Jewett City, Connecticut.

7.      The National Railroad Passenger Corporation is a for-profit corporation, originally created by Congress in 1970, and is also known as Amtrak.  45 U.S.C. §1104(1).  Amtrak is a citizen of Washington, D.C., and its principal office and place of business is in Washington, D.C.  49 U.S.C. §24301.

**COUNT ONE - SANDRA BARTHOLOMEW V. TYLER BUSCH**

8.      On July 29, 2014 at approximately 5:45 a.m., the plaintiff, Sandra Bartholomew was an operator of a motor vehicle which was proceeding in a generally southwesterly

2

direction on Interstate Highway 95 ("I-95") near Exit 56 in the Town of Guilford, Connecticut.

9. At that time and place a van owned by the defendant, Amtrak, was being operated by the defendant, Tyler Busch, in a generally southwesterly direction on I-95 in the Town of Guilford, Connecticut, when it came into violent collision with the rear of the automobile being operated by Sandra Bartholomew.

10. The collision was caused by the negligence of the defendant-operator, Tyler Busch, in that he:

    a. was operating his motor vehicle at an unreasonable rate of speed having due regard the traffic, weather, width, and use of the highway;

    b. failed to keep his vehicle under proper and reasonable control;

    c. failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

    d. failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so;

    e. failed to turn his motor vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so;

    f. operated his vehicle in a manner which violated §§14-218a, 14-219, and/or 14-222 of the Connecticut General Statutes;

  g. was following too closely to the rear of the vehicle of the plaintiff, Sandra Bartholomew, and, as a result, could not stop his vehicle in time to avoid a collision in violation of §14-240 of the Connecticut General Statutes; and

  h. failed to maintain his lane in violation of Connecticut General Statutes §14-236.

11. By reason of the collision, the plaintiff's vehicle struck the Jersey Barrier dividing the northbound from southbound lanes and then rebounded across the highway and struck the metal beam guardrail on the right shoulder, before coming to rest across both southbound lanes.

12. As a result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff, Sandra Bartholomew, was impacted by the force of the crash and the deployment of the airbag and sustained the following injuries:

  a. a fractured sternum;

  b. two fractured ribs;

  c. a fractured clavicle; and

  d. extensive bruising to her chest.

13. As a further result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff incurred expenses for medical care, hospital care, medicines, diagnostic tests and x-rays.

**CRANMORE, FITZGERALD & MEANEY** ● *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE ● HARTFORD, CONNECTICUT 06114-1102 ● (860) 522-9100

14.     As a further result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff has suffered and continues to suffer pain, suffering, and sleepless nights as a consequence of the various injuries she suffered on that date.

15.     As a further result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff, Sandra Bartholomew's motor vehicle was a total loss to her financial loss and detriment.

## COUNT TWO - SANDRA BARTHOLOMEW V. TYLER BUSCH

16.     The plaintiff restates and re-alleges paragraphs 1 through 9 and incorporates them as if fully set forth herein.

17.     The defendant, Tyler Busch, deliberately and with reckless disregard operated his motor vehicle in violation of Connecticut General Statutes §§14-218a, 14-219 and/or 14-222 and his violations were a substantial factor in causing the plaintiff's injuries and damages.

18.     By reason of the collision, the plaintiff's vehicle struck the Jersey Barrier dividing the northbound from southbound lanes and then rebounded across the highway and struck the metal beam guardrail on the right shoulder, before coming to rest across both southbound lanes.

19.     As a result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff, Sandra Bartholomew, was impacted by the force of the crash and the deployment of the airbag and sustained the following injuries:

   a.     a fractured sternum;

      b.      two fractured ribs;

      c.      a fractured clavicle; and

      d.      extensive bruising to her chest.

20.    As a further result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff incurred expenses for medical care, hospital care, medicines, diagnostic tests and x-rays.

21.    As a further result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff has suffered and continues to suffer pain, suffering, and sleepless nights as a consequence of the various injuries she suffered on that date.

22.    As a further result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff, Sandra Bartholomew's motor vehicle was a total loss to her financial loss and detriment.

## COUNT THREE - STEPHEN BARTHOLOMEW V. TYLER BUSCH

23.    The plaintiff restates and re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

24.    The plaintiff, Stephen Bartholomew, was a passenger in the vehicle being operated by Sandra Bartholomew on the morning of July 29, 2014.

25.    As a result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff, Stephen Bartholomew, suffered injuries to his left hand, and bruising and contusions to various parts of his body.

**CRANMORE, FITZGERALD & MEANEY** ● *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE ● HARTFORD, CONNECTICUT 06114-1102 ● (860) 522-9100

26.     As a further result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff, Stephen Bartholomew, incurred expenses for hospital care, medical care, medicines and x-rays.

27.     As a further result of the collision and the carelessness and negligence of the defendant-operator, the plaintiff, Stephen Bartholomew, has suffered and continues to suffer pain and suffering as a consequence of the various injuries he suffered on that date.

## COUNT FOUR - STEPHEN BARTHOLOMEW V. TYLER BUSCH

28.     The plaintiff restates and re-alleges paragraphs 1 through 9 and incorporates them as if fully set forth herein.

29.     The plaintiff, Stephen Bartholomew, was a passenger in the vehicle being operated by Sandra Bartholomew on the morning of July 29, 2014.

30.     The defendant, Tyler Busch, deliberately and with reckless disregard operated his motor vehicle in violation of Connecticut General Statutes §§14-218a, 14-219, and/or 14-222 and his violations were a substantial factor in causing the plaintiff's injuries and damages.

31.     By reason of the collision, the plaintiff's vehicle struck the Jersey Barrier dividing the northbound from southbound lanes and then rebounded across the highway and struck the metal beam guardrail on the right shoulder, before coming to rest across both southbound lanes.

32. As a result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff, Stephen Bartholomew, suffered injuries to his left hand, and bruising and contusions to various parts of his body.

33. As a further result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff, Stephen Bartholomew, incurred expenses for hospital care, medical care, medicines and x-rays.

34. As a further result of the collision and the deliberate conduct and reckless disregard of the defendant-operator, the plaintiff, Stephen Bartholomew, has suffered and continues to suffer pain and suffering as a consequence of the various injuries he suffered on that date.

### COUNT FIVE - SANDRA BARTHOLOMEW V. AMTRAK

35. The plaintiff restates and re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

36. The defendant, Amtrak, was the owner of the vehicle being operated by the defendant, Tyler Busch, and he was the agent and/or employee of the defendant, Amtrak, and was operating the vehicle in the course of his agency and/or employment.

37. The plaintiff restates and re-alleges paragraphs 12 through 15 and incorporates them as if fully set forth herein.

### COUNT SIX - STEPHEN BARTHOLOMEW V. AMTRAK

38. The plaintiff restates and re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

CRANMORE, FITZGERALD & MEANEY ● *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE ● HARTFORD, CONNECTICUT 06114-1102 ● (860) 522-9100

39. The defendant, Amtrak, was the owner of the vehicle being operated by the defendant, Tyler Busch, and he was the agent and/or employee of the defendant, Amtrak, and was operating the vehicle in the course of his agency and/or employment.

40. The plaintiff restates and re-alleges paragraphs 24 through 27 and incorporates them as if fully set forth herein.

### COUNT SEVEN - SANDRA BARTHOLOMEW V. AMTRAK

41. The plaintiff restates and re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

42. At the time of the collision, the defendant, Tyler Busch, was an agent, servant, or employee of the defendant, Amtrak, and was operating the motor vehicle in furtherance of defendant Amtrak's purpose.

43. The plaintiff restates and re-alleges paragraphs 12 through 15 and incorporates them as if fully set forth herein.

### COUNT EIGHT - STEPHEN BARTHOLOMEW V. AMTRAK

41. The plaintiff restates and re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

42. At the time of the collision, the defendant, Tyler Busch, was an agent, servant, or employee of the defendant, Amtrak, and was operating the motor vehicle in furtherance of defendant Amtrak's purpose.

43. The plaintiff restates and re-alleges paragraphs 24 through 27 and incorporates them as if fully set forth herein.

CRANMORE, FITZGERALD & MEANEY ● *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE ● HARTFORD, CONNECTICUT 06114-1102 ● (860) 522-9100

*WHEREFORE*, plaintiffs demand:

1.   Money damages;

2.   Double or treble damages pursuant to Connecticut General Statutes §14-295;

3.   Costs of this action; and

4.   All other relief as in law or equity may pertain.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, plaintiffs hereby demand a jury trial in the above captioned matter.

>                                PLAINTIFFS, SANDRA BARTHOLOMEW and
>                                STEPHEN BARTHOLOMEW
>
>                                By:   /s/ John C. FitzGerald, Jr.
>                                      JOHN C. FITZGERALD, JR.
>                                      Federal Bar No.:  CT05436
>                                      Cranmore, FitzGerald & Meaney
>                                      49 Wethersfield Avenue
>                                      Hartford, CT 06114
>                                      Telephone: 860-522-9100
>                                      Facsimile:  860-522-3379
>                                      Email:  jfitzgerald@cfmlawfirm.com

10

**CRANMORE, FITZGERALD & MEANEY** ● *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE ● HARTFORD, CONNECTICUT 06114-1102 ● (860) 522-9100